Daniel E. Thenell, OSB No. 971655
Dan@thenelllawgroup.com
Emerson Lenon, OSB No. 123728
Emerson@thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| EDWARD ORTIZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT WILKIE, Secretary, Department of Veterans' Affairs,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(Discrimination based on disability and age, Retaliation, Hostile work environment, Whistleblowing)<br><br>29 U.S.C. § 623<br>29 U.S.C. § 794<br>5 U.S.C. § 2302<br><br>Damages of at least $1,000,000 or an amount to be proven at trial<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTORY STATEMENT

1. This action is filed by Plaintiff under 29 U.S.C § 623, 29 U.S.C § 794 and 5 U.S.C. § 2302, for events from January 2019 to the present, alleging violations of the Age Discrimination in Employment Act of 1967, the Rehabilitation Act, and Whistleblower Protection Act.

COMPLAINT - Page 1                                                                                     2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

2. This Court has jurisdiction over Plaintiff's claims of violations of federal statute under 28 U.S.C. §§ 1331.

3. Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this District.

## PARTIES

4. At all material times, EDWARD ORTIZ ("Plaintiff"), is a citizen of the United States and a resident of Cowlitz County, Washington. At all times material, Plaintiff works for Defendant United States Department of Veterans' Affairs (the "Department"). Plaintiff was born on June 27, 1969.

5. At all times relevant to this Complaint, Plaintiff was an employee in a "covered position" pursuant to 5 U.S.C. § 2302.

6. Defendant ROBERT WILKE ("Wilke") was the Secretary for the Department of Veterans Affairs.

7. Plaintiff is entitled to an award of attorneys' fees and costs.

## FACTUAL ALLEGATIONS

8. Plaintiff is employed as a police officer at the Portland VA beginning on or about May 2013. Plaintiff was also enrolled in the National Guard from 2013 through 2014. During his employment at the VA on or about June 1, 2014, Plaintiff suffered an injury to his spine while preparing for deployment to Afghanistan,. The injury was further aggravated following Plaintiff's return to the VA which was reported through the usual channels. As a result of the various injuries and aggravations, Plaintiff received surgery to his hip in 2013 and 2016, and an initial surgery to his lower back in 2014. Plaintiff ultimately required further surgery to his lower back which was performed on or about August 18, 2018. Plaintiff was placed on light duty on or about October 20, 2018, due to his injuries while on deployment as well as the on the job aggravations.

/ / /

COMPLAINT - Page 2                                                                2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

9. On or about January 9, 2019, Plaintiff was told by his Deputy Chief of Police, Ryan Hauser, that he needed to return to full duty otherwise he faced losing his job. Deputy Chief Hauser knew Plaintiff was still under doctor supervision for his injuries and had not been released by his doctor. Plaintiff responded to Hauser's ultimatum by verbally requesting reasonable accommodations due to his disability. Plaintiff specifically cited to the "VA Handbook 5975.1 Section (M)(1), (N)(7 a, b, c)" and specifically stated he was making a request for "Reasonable Accommodation".

10. At the time of Plaintiff's request there were two open positions which would have accommodated Plaintiff's disability: one in physical security, and the other in dispatch. Plaintiff's physician would have cleared him for either position as both required less physical activity than the police officer position. Plaintiff requested his Reasonable Accommodation to be a transfer to either position. Hauser responded to Plaintiff's request by stating he could not "promise anything".

11. Hauser was the Deputy Chief, the acting Chief, and Plaintiff's supervisor and manager. There was no other individual in Plaintiff's chain of command to whom he could have made a request for Reasonable Accommodation.

12. Plaintiff felt Hauser's ultimatum was a threat to his continued employment and convinced his doctor to release him to full duty in an attempt to avoid termination. Plaintiff's doctor released him but warned that another incident on the job could cause serious and permanent disability.

13. On or about February 26, 2019, Plaintiff was in a meeting with Hauser and four other employees. Hauser disclosed to the group that Plaintiff was disabled and had requested Reasonable Accommodations. Hauser told Plaintiff in front of the others that the dispatch position had already been filled. As of that date, the position had not had a formal job vacancy announcement. By filling the position prior to the application period being open, Hauser and the Department had prevented Plaintiff from applying for the position. The employee, Don Martinka, who had filled the dispatch position had recently failed the police academy and was

COMPLAINT - Page 3                                                                                                         2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

unable to be employed as a police officer. Hauser told Plaintiff and the others the employee was a "nice guy who didn't deserve to be on the street". Plaintiff understood the implication that he was somehow more deserving of losing his job than the new dispatch employee.

14. During the February 26, 2019 meeting, Hauser told the group the physical security position had also been filled. Plaintiff asked Hauser about his request for Reasonable Accommodation. Hauser replied he could not "tie HR's hands" and could not make any special accommodations for Plaintiff. Plaintiff understood this to mean HR would not assist in finding him Reasonable Accommodation and took steps to prepare an EEOC complaint.

15. Plaintiff discussed this matter with Lieutenant Dwayne Chaney, who was present at the February 26, 2019 meeting. Lt. Chaney informed Plaintiff he had spoken to Hauser following that meeting and reinforced the fact that Plaintiff was disabled, had requested Reasonable Accommodation and that Hauser had threatened Plaintiff's job. Hauser told Lt. Chaney "it doesn't matter".

16. Plaintiff met all the qualifications for both the dispatch position and the physical security position.

17. Throughout his service at the Portland VA, Plaintiff had volunteered and or applied for numerous promotable positions which he was qualified for including, but not limited to: Physical Security, Detective, Sergeant, and Lead. Some positions he had applied for more than once. Plaintiff is aware of only one individual who was promoted over the age of 40 years.

18. Plaintiff has observed a pattern of practice whereby Hauser and senior management discriminate against individuals over the age of 40 by denying them promotions and other career advancement. Hauser and other senior management have a pattern of favoritism and nepotism which serves to benefit a few of the "favorite" employees to the detriment of Plaintiff and others.

19. Both the dispatch position and the physical security position were filled prior to being posted, which denied Plaintiff the opportunity to apply. Hauser then used the fact Plaintiff had not

COMPLAINT - Page 4                                                                                                                2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

applied for either job as a justification for denial of either position to Plaintiff in response to his request for Reasonable Accommodation.

20. Plaintiff was forced back into a position which he was not physically ready for. This has caused Plaintiff further injury and will require him to have additional surgeries and/or medical treatment which could have been avoided through a less physically demanding position. Plaintiff had incurred non-economic injuries in pain and suffering, humiliation, loss of sleep, anxiety and stress over the potential loss of his job, and damage to his reputation.

21. Plaintiff pursued a claim through the EEOC which was initiated on or about April 19, 2019. Plaintiff's formal EEOC complaint was filed on or about August 9, 2019. Plaintiff was provided with a Final Agency Determination and his "right to sue" letter on or about August 3, 2020. Plaintiff's Complaint in the above captioned matter was timely filed on or before the expiration of 90 days from the Final Agency Determination.

22. Between February and April of 2018, Plaintiff disclosed information related to an excessive use of force which he reasonably believed to be a violation of VA policies, federal law, and the United States Constitution. Plaintiff made a protected disclosure of facts related to the incident as well as information regarding the VA Police Department management covering up the incident. Plaintiff disclosed this information to his Union representatives and to the Office of Accountability & Whistleblower Protection (OAWP).

23. In response to Plaintiff's protected disclosure, the OAWP opened a case, Case # 2018.4.15-Cu-00-1774. Catherine Woods, a social worker and chief steward of the Plaintiff's union, AFGE Local 2157, provided information to the OAWP based in part on Plaintiff's protected disclosure. Ms. Woods specifically lauded Plaintiff for bringing the matter forward.

24. The protected disclosures initiated, in part, by Plaintiff made their way to Washington, D.C., were brought to the attention of Congress and to the highest level of the V.A. Despite Plaintiff's disclosure, Deputy Chief Hauser remained in his position and was made acting Chief and later promoted to Chief of Police for the Portland VA. Hauser used his position to unlawfully

COMPLAINT - Page 5                                                                                                                2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

retaliate against Plaintiff by taking adverse employment action against Plaintiff by blocking his promotions, transfer to more medically suitable position, by improperly disclosing Plaintiff's private medical information to employees, and by improperly forcing him to return to duty despite not being medically fit.

## FIRST CLAIM FOR RELIEF:

### Violation of Age Discrimination in Employment Act 29 U.S.C § 623

25. Plaintiff re-alleges all paragraphs previously alleged.

26. Plaintiff is 51 years of age.

27. Plaintiff was denied employment opportunities at the Department because of his age in violation of the Age Discrimination in Employment Act.

28. In approximately seven years of employment with the Department, Plaintiff has applied for, and been denied, employment opportunities including, but not limited to: Physical Security, Detective, Sergeant, and Lead. Some positions he had applied for more than once. Plaintiff in each case was denied an employment opportunity in favor of a younger applicant.

29. On information and belief, there is a pattern in the Portland VA of hiring, promoting, and classifying individuals in a manner that discriminates on the basis of age.

30. As a direct and proximate cause of the Defendant's violation of 29 U.S.C § 623, Plaintiff has suffered economic damages in the form of lost wages, lost promotions, and other lost employment opportunities. Plaintiff's economic damages will be established at trial.

31. As a direct and proximate cause of the Defendant's violation of 29 U.S.C § 623 Plaintiff has suffered non-economic damages in an amount to be determined at trial in the form of stress, anxiety, humiliation, loss to reputation, loss of sleep, pain and suffering.

32. Plaintiff is entitled to an award of reasonable attorney fees and costs for pursuing this matter.

## SECOND CLAIM FOR RELIEF

### Violations of the Rehabilitation Act 29 U.S.C § 794

29. Plaintiff re-alleges all paragraphs previously alleged.

COMPLAINT - Page 6                                                                                           2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

30. Plaintiff made multiple requests for Reasonable Accommodations for his disability to his direct supervisor, including in the presence of multiple witnesses. Each of Plaintiff's requests was summarily denied and no meaningful response from the Department was provided. Plaintiff was never afforded the opportunity to engage in an iterative back and forth to result in a Reasonable Accommodation, or to establish that such efforts had failed to provide such and Accommodation. Defendant had a duty to engage in the iterative back and forth.

31. Plaintiff is aware of other similarly situated employees who have requested and been provided Reasonable Accommodations. Plaintiff is unaware of any meaningful differences which would justify the disparate treatment he has received.

32. As a direct and proximate cause of the Defendant's violation of 29 U.S.C § 794, Plaintiff has suffered economic damages in the form of lost wages, lost promotions, and other lost employment opportunities. Plaintiff's economic damages will be established at trial.

33. As a direct and proximate cause of the Defendant's violation of 29 U.S.C § 794, Plaintiff has suffered non-economic damages in an amount to be determined at trial in the form of stress, anxiety, humiliation, loss to reputation, loss of sleep, pain and suffering.

32. Plaintiff is entitled to an award of reasonable attorney fees and costs for pursuing this matter.

### THIRD CLAIM FOR RELIEF
### Whistleblower Retaliation 5 U.S.C. § 2302

33. Plaintiff re-alleges all previously alleged paragraphs.

34. Plaintiff has incurred attorneys' fees and costs in pursuing this claim.

35. Plaintiff reported misconduct as detailed in paragraph 22 and 23 of this complaint.

36. Following Plaintiff's disclosure, he was subjected to adverse employment action in the form of denials of his request for Reasonable Accommodation, illegal disclosure of his private medical information, improperly forcing him to return to work against medical advice, and in other ways to be more fully proven at trial.

/ / /

COMPLAINT - Page 7                                                                                                    2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

37.  As a direct and proximate cause of the Defendant's illegal retaliation, Plaintiff has suffered economic damages in the form of lost wages, lost promotions, and other lost employment opportunities. Plaintiff's economic damages will be established at trial.

38.  As a direct and proximate cause of the Defendant's illegal retaliation, Plaintiff has suffered non-economic damages in an amount to be determined at trial in the form of stress, anxiety, humiliation, loss to reputation, loss of sleep, pain and suffering.

37.  Plaintiff is entitled to an award of reasonable attorney fees and costs for pursuing this matter

### SIXTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

38.  Plaintiff re-alleges all previously alleged paragraphs.

39.  Defendant's conduct, by and through the Department's agents and employees at Portland VA, consisted of extraordinary transgressions of the bounds of socially tolerable conduct and exceeded any reasonable limit of social toleration. The conduct of Defendant included, without limitation: disclosure without consent of Plaintiff's disability, summarily denying Plaintiff's requests for Reasonable Accommodation, retaliating for Plaintiff's protected disclosures, and discriminating against Plaintiff on the basis of age.

40.  These acts and others alleged in this complaint were intended to cause Plaintiff severe mental and emotional distress, or in the alternative, such distress was certain or substantially certain to result in Plaintiff suffering mental and emotional distress.

41.  Plaintiff, in fact, suffered severe mental and emotional distress as a result of Defendant's actions.

42.  Plaintiff is entitled to economic and non-economic damages in an amount to be more fully proven at trial.

/ / /

/ / /

/ / /

COMPLAINT - Page 8                                                                                                                2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

WHEREFORE Plaintiff prays as follows:

1. Finding that Defendant violated the Age Discrimination in Employment Act;

2. Finding that Defendant violated the Rehabilitation Act;

3. Finding that Defendant violated Whistleblower Protection Act;

4. Finding that Defendant's conduct caused economic and noneconomic damages to Plaintiff;

5. Judgment against Defendant for economic losses which will fully compensate Plaintiff for Plaintiff's economic damages of at least $500,000, or an amount to be determined by a jury;

6. Judgment against Defendant for non-economic losses to Plaintiff in the amount of at least $500,000.00, or an amount to be proven at trial;

7. Judgment against Defendant for deterrence damages in a fair and reasonable amount to be proven at trial;

8. Equitable relief including, but not limited to, injunctive relief; and

9. Judgment for costs, interests, attorney fees and such other and further relief as the Court deems just and equitable.

DATED this 27th day of October 2020.

THENELL LAW GROUP, P.C.

By:    /s/ Daniel E. Thenell
Daniel E. Thenell, OSB No. 971655
E-mail:  dan@thenelllawgroup.com
Emerson Lenon, OSB No. 123728
E-mail:  emerson@thenelllawgroup.com
Telephone: (503) 372-6450
*Of Attorneys for Plaintiff*

COMPLAINT - Page 9                                                                                                   2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496