Daniel E. Thenell, OSB No. 971655
Dan@thenelllawgroup.com
Emerson Lenon, OSB No. 123728
Emerson@thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| EDWARD ORTIZ, an individual,<br><br>              Plaintiff,<br><br>  vs.<br><br>DENIS MCDONOUGH, Secretary, Department of Veterans' Affairs,<br><br>              Defendant. | Case No. 3:20-cv-1848-SB<br><br>**SECOND AMENDED COMPLAINT**<br><br>(Failure to Accommodate, Disability Discrimination)<br><br>29 U.S.C. § 791<br><br>Damages no less than $300,000 or an amount to be proven at trial<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTORY STATEMENT

1. This action is filed by Plaintiff under 29 U.S.C § 791, for events from January 2019 to the present, alleging violations of the Rehabilitation Act.

2. This Court has jurisdiction over Plaintiff's claims of violations of federal statute under 28 U.S.C. §§ 1331.

3. Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the Defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this District.

SECOND AMENDED COMPLAINT - Page 1                                                                                                                                                   2019-113

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

## PARTIES

4. At all material times, EDWARD ORTIZ ("Plaintiff"), is a citizen of the United States and a resident of Cowlitz County, Washington. At all times material, Plaintiff works for Defendant United States Department of Veterans' Affairs (the "Department"). Plaintiff was born on June 27, 1969.

5. Defendant DENIS MCDONOUGH ("McDonough") was the Secretary for the Department of Veterans Affairs.

6. Plaintiff is entitled to an award of attorneys' fees and costs.

## FACTUAL ALLEGATIONS

7. Plaintiff is employed as a police officer at the Portland VA beginning on or about May 2013. Plaintiff was also enrolled in the National Guard from 2013 through 2014. During his employment at the VA on or about June 1, 2014, Plaintiff suffered an injury to his spine while preparing for deployment to Afghanistan. The injury was further aggravated following Plaintiff's return to the VA which was reported through the usual channels. As a result of the various injuries and aggravations, Plaintiff received surgery to his hip in 2013 and 2016, and an initial surgery to his lower back in 2014. Plaintiff ultimately required further surgery to his lower back which was performed on or about August 18, 2018. Plaintiff was placed on light duty on or about October 20, 2018, due to his injuries while on deployment, as well as the on-the-job aggravations.

8. On or about January 9, 2019, Plaintiff was told by his Deputy Chief of Police, Ryan Hauser, that he needed to return to full duty otherwise he faced losing his job. Deputy Chief Hauser knew Plaintiff was still under doctor supervision for his injuries and had not been released by his doctor. Plaintiff responded to Hauser's ultimatum by verbally requesting reasonable accommodations due to his disability. Plaintiff specifically cited to the "VA Handbook 5975.1 Section (M)(1), (N)(7 a, b, c)" and specifically stated he was making a request for "Reasonable Accommodation".

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

9. At the time of Plaintiff's request there were two open positions which would have accommodated Plaintiff's disability: one in physical security, and the other in dispatch. Plaintiff's physician would have cleared him for either position as both required less physical activity than the police officer position. Plaintiff requested his Reasonable Accommodation to be a transfer to either position. Hauser responded to Plaintiff's request by stating he could not "promise anything". Alternatively, Defendant could have accommodated Plaintiff's disability by allowing him to remain on light duty.

10. Hauser was the Deputy Chief, the acting Chief, and Plaintiff's supervisor and manager. There was no other individual in Plaintiff's chain of command to whom he could have made a request for Reasonable Accommodation.

11. Plaintiff felt Hauser's ultimatum was a threat to his continued employment, and convinced his doctor to release him to full duty in an attempt to avoid termination. Plaintiff's doctor released him, but warned that another incident on the job could cause serious and permanent disability.

12. On or about February 26, 2019, Plaintiff was in a meeting with Hauser and four other employees. Hauser disclosed to the group that Plaintiff was disabled and had requested Reasonable Accommodations. Hauser told Plaintiff in front of the others that the dispatch position had already been filled. As of that date, the position had not had a formal job vacancy announcement. By filling the position prior to the application period being open, Hauser and the Department had prevented Plaintiff from applying for the position. The employee, Don Martinka, who had filled the dispatch position, had recently failed the police academy and was unable to be employed as a police officer. Hauser told Plaintiff and the others the employee was a "nice guy who didn't deserve to be on the street". Plaintiff understood the implication that he was somehow more deserving of losing his job than the new dispatch employee.

13. During the February 26, 2019 meeting, Hauser told the group the physical security position had also been filled. Plaintiff asked Hauser about his request for Reasonable Accommodation. Hauser replied he could not "tie HR's hands" and could not make any special accommodations

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

for Plaintiff. Plaintiff understood this to mean HR would not assist in finding him Reasonable Accommodation, and took steps to prepare an EEOC complaint.

14. Plaintiff discussed this matter with Lieutenant Dwayne Chaney, who was present at the February 26, 2019 meeting. Lt. Chaney informed Plaintiff he had spoken to Hauser following that meeting and reinforced the fact that Plaintiff was disabled, had requested Reasonable Accommodation and that Hauser had threatened Plaintiff's job. Hauser told Lt. Chaney "it doesn't matter".

15. Plaintiff met all the qualifications for both the dispatch position and the physical security position.

16. Both the dispatch position and the physical security position were filled prior to being posted, which denied Plaintiff the opportunity to apply. Hauser then used the fact Plaintiff had not applied for either job as a justification for denial of either position to Plaintiff in response to his request for Reasonable Accommodation.

17. Hauser used his position to unlawfully discriminate against Plaintiff by taking adverse employment action against Plaintiff by blocking his promotions, transfer to more medically suitable position, by improperly disclosing Plaintiff's private medical information to employees, and by improperly forcing him to return to duty despite not being medically fit.

18. Plaintiff was forced back into a position which he was not physically ready for. This has caused Plaintiff further injury, and will require him to have additional surgeries and/or medical treatment which could have been avoided through a less physically demanding position. Plaintiff had incurred non-economic injuries in pain and suffering, humiliation, loss of sleep, anxiety and stress over the potential loss of his job, and damage to his reputation.

19. Specifically, Plaintiff's forced return to work caused a worsening of his disability to his spine, which required additional surgery. Plaintiff underwent a spinal fusion surgery on or about September 28, 2021. This surgery was only necessary because the Defendant forced Plaintiff to return to work prior to being medically cleared on the threat of termination. Plaintiff is now

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

permanently disabled and will required extensive rehabilitation and ongoing medical expense.

20. Plaintiff pursued a claim through the EEOC which was initiated on or about April 19, 2019. Plaintiff's formal EEOC complaint was filed on or about August 9, 2019. Plaintiff was provided with a Final Agency Determination and his "right to sue" letter on or about August 3, 2020. Plaintiff's Complaint in the above captioned matter was timely filed on or before the expiration of 90 days from the Final Agency Determination.

## FIRST CLAIM FOR RELIEF

### Violations of the Rehabilitation Act 29 U.S.C § 791

21. Plaintiff re-alleges all paragraphs previously alleged.

22. Plaintiff was an employee of the Department of Veterans Affairs. At the time of his request for accommodation, he was disabled due to the injury to his spine, his surgery in 2018, and his recovery from the surgery. At the time of the request for accommodation, Plaintiff had not reach maximum medical status and was not released by his doctor for return to full duty.

23. Defendant employer was aware of the Plaintiff's disability.

24. Plaintiff made multiple requests to his direct supervisor, including in the presence of multiple witnesses, for Reasonable Accommodations for his disability. Each of Plaintiff's requests was summarily denied, and no meaningful response from the Department was provided. Plaintiff was never afforded the opportunity to engage in an iterative back and forth to result in a Reasonable Accommodation, or to establish that such efforts had failed to provide such an Accommodation. Defendant had a duty to engage in the iterative back and forth.

26. Plaintiff is aware of other similarly situated employees who have requested and been provided Reasonable Accommodations. Plaintiff is unaware of any meaningful differences which would justify the disparate treatment he has received.

27. As a direct and proximate cause of the Defendant's violation of 29 U.S.C § 791, Plaintiff has suffered economic damages in the form of medical expenses and future medical expenses. Plaintiff's economic damages will be established at trial.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

28. As a direct and proximate cause of the Defendant's violation of 29 U.S.C § 791, Plaintiff has suffered non-economic damages in an amount to be determined at trial in the form of permanent disability, inability to perform functions of daily living, stress, anxiety, humiliation, loss to reputation, loss of sleep, pain and suffering.

29. Plaintiff is entitled to an award of reasonable attorney fees and costs for pursuing this matter.

WHEREFORE Plaintiff prays as follows:

1. Finding that Defendant violated the Rehabilitation Act;

2. Finding that Defendant's conduct caused economic and noneconomic damages to Plaintiff;

3. Judgment against Defendant for economic losses, which will fully compensate Plaintiff for Plaintiff's economic damages in an amount to be determined by a jury;

4. Judgment against Defendant for non-economic losses to Plaintiff in an amount to be determined by a jury;

5. Equitable relief including, but not limited to, injunctive relief; and

6. Judgment for costs, interests, attorney fees and such other and further relief as the Court deems just and equitable.

DATED this 14th day of January 2022.

THENELL LAW GROUP, P.C.

By: */s/ Daniel E. Thenell*
Daniel E. Thenell, OSB No. 971655
E-mail: dan@thenelllawgroup.com
Emerson Lenon, OSB No. 123728
E-mail: emerson@thenelllawgroup.com
Telephone: (503) 372-6450
*Of Attorneys for Plaintiff*

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496